Filed 9/30/15  Delgadillo v. Zeme CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELENA DELGADILLO et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>SUSAN ZEME,<br><br>    Defendant and Respondent. | A140989<br><br>(Alameda County<br>Super. Ct. No. RG13681605) |

Plaintiffs Elena Delgadillo and Jesus Cortez appeal from a judgment after the court sustained defendant Susan Zeme's demurrer to their first amended complaint.  We agree with the trial court's conclusion that plaintiffs cannot allege the causation element necessary for their causes of action against Zeme.  Accordingly, we affirm.

**BACKGROUND**

Zeme, an attorney, defended plaintiffs during the early stages of a personal injury action brought by former employee Sacramento Lopez, who allegedly was injured in a fall while employed by them.  During the relevant period plaintiffs owned and operated La Nopalera market, through which they had obtained workers' compensation insurance.  They also had a homeowners' policy covering their residence.  However, Lopez's injury did not occur at the market or plaintiffs' home, but while doing construction work on a house plaintiffs were building on Star Ridge Road.

Zeme answered Lopez's complaint and prepared written discovery responses denying that plaintiffs were his employer or possessed any insurance coverage for his injuries.  Plaintiffs subsequently replaced Zeme with new counsel who tendered Lopez's

1

claims to Farmers Insurance (Farmers), which had issued the workers' compensation policy for La Nopalera and the homeowners' policy for plaintiffs' residence. Farmers denied the claims, and plaintiffs sued for breach of contract and related claims. In that lawsuit (the insurance action), unlike the underlying personal injury case, plaintiffs alleged that Lopez was in fact their employee and that they did have coverage under their homeowners' policy for their residence or their workers' compensation policy for their market.

In the insurance action, Farmers obtained a ruling on summary judgment that the homeowners' policy did not provide coverage for Lopez's claims. "The Patricia Court homeowner's policy provided workers' compensation coverage and employer's liability coverage, but only for 'residence employees,' defined as an employee of an insured whose duties pertain to the ownership, maintenance, or use of the residence premises. This includes the performance of household domestic services or the performance of similar pursuits elsewhere which do not pertain to the business pursuits of an insured. 'Residence premises' is defined as the dwelling, structures and grounds where the insured resides. It is undisputed that Plaintiffs lived at 24606 Patricia Court, and they did not live at 3590 Star Ridge Road. Thus, the house being constructed on Star Ridge Road was not the 'residence premises' and Fire's policy did not provide workers' compensation coverage or employer's liability coverage for the personal injury suffered by Lopez in the course of construction work at the Star Ridge Road property."

Meanwhile, the court in Lopez's personal injury action ruled on a "motion in limine to dismiss complaint re: jurisdiction" holding that the workers' compensation policy for plaintiffs' market did not shield them from civil liability for Lopez's claims. The court identified three independent bases for its ruling. "Defendants waived the worker's compensation exclusivity rule by failing to plead it as an affirmative defense. In addition, Defendants admitted in their respective responses to Form Interrogatory No. 4.1 that there was no policy of insurance in effect at the time of the accident. *Finally, the worker's compensation policy purchased for the La Nopalera Supermarket cannot reasonably be interpreted to provide coverage for individuals working on construction of*

2

*Defendants' residence on Star Ridge Road.*" (Italics added.) The personal injury action resulted in a "substantial" adverse jury verdict and award of attorneys' fees.

Plaintiffs sued Zeme for professional malpractice. Their amended complaint, as relevant to this appeal, alleged Zeme (1) failed to determine whether Lopez was plaintiffs' employee before erroneously representing in discovery responses and the answer to the complaint that he was not; and (2) failed to identify insurance that could provide coverage for Lopez's claims before representing in discovery responses that plaintiffs had none. Zeme demurred, principally on the ground that plaintiffs could not show that she was the cause of their alleged injury.

The court sustained the demurrer with leave to amend. It explained: "Plaintiffs have not stated a claim for relief with respect to any of their causes of action based on alleged mistakes by Defendant that prevented Plaintiffs from asserting worker's compensation exclusivity as an affirmative defense to avoid a civil trial, because the court in [the] underlying action determined that Plaintiffs had not obtained worker's compensation insurance that would cover the accident at issue. [Citation.] Because the court found that Plaintiffs did not have worker's compensation coverage, Defendant's actions in failing to represent that Plaintiff's had coverage or assert worker's compensation exclusivity as an affirmative defense could not have caused Plaintiffs' harm. However, the court observes that Plaintiffs also appear to have alleged Defendant 'engaged in other acts and omissions adversely impacting plaintiffs . . . including but not limited to the failure to take dispositive depositions of Lopez, his treating doctors on Lopez's injuries and his use of alcohol and narcotics and the like.' [Citation.] Plaintiffs are given leave to amend to allege, if they are able to do so, facts constituting a cause of action, including how any alleged conduct by Defendant caused them injury."

Plaintiffs filed an amended complaint, and Zeme again demurred. The court sustained this demurrer without leave to amend, again due primarily to plaintiffs' inability to establish causation. "All of the foregoing claims arise from the allegations that Defendant failed to competently represent Plaintiffs and that they suffered damages as a result. However, the particular acts that Plaintiffs point to do not rise to the level of

3

actionable attorney negligence, much less fraud or breach of contract.  Notably, the court in the underlying action determined as a matter of law that Plaintiffs had not obtained worker's compensation insurance that would cover the accident at issue.  Because the court interpreted the contract(s) as such, Defendant's actions in failing to adequately represent that Plaintiffs had coverage or assert worker's compensation exclusivity as an affirmative defense could not have caused Plaintiffs' harm, regardless of whether the court also found other grounds for making the determination, including waiver of such defense.  The trial court clearly considered the defense before determining it was not viable.  [¶]  To the extent that Plaintiffs are asserting that 'the trial court's rulings though in error caused plaintiffs substantial damages in defending the *Lopez* action,' Plaintiffs have a remedy via their pending appeal.  [Citation.]  The appropriateness of the trial court's ruling is not a basis for the claims herein alleged."

Plaintiffs filed this timely appeal from the ensuing judgment.

## DISCUSSION

### *I.*

On appeal from a judgment after a demurrer is sustained without leave to amend, we review the trial court's ruling de novo, exercising our independent judgment on whether the complaint states a cause of action. (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494.)   " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff."  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

4

## II.

Plaintiffs assert the judgment must be reversed because, as far as we understand their argument, the trial court erred in finding they had no applicable workers' compensation coverage and, therefore, that they could not show Zeme's alleged malpractice caused them to lose the protection of workers' compensation exclusivity as alleged in their complaint. We disagree.

Under Labor Code section 3706, an injured employee whose employer lacks applicable workers' compensation coverage is not limited to a workers' compensation remedy, but is permitted to seek civil damages for a workplace injury.[1] Here, the judicially noticeable prior findings from the insurance and personal injury actions established that plaintiffs lacked applicable workers' compensation coverage. In the insurance action, the court ruled on summary judgment that plaintiffs' homeowners policy did not cover injuries that Lopez suffered while working on the separate Star Ridge Road property. In the personal injury suit, the court denied plaintiffs' motion to dismiss (ostensibly a motion in limine) on workers' compensation exclusivity grounds because it found the workers' compensation policy for their business did not extend to the Star Ridge Road project. Although the court also found that plaintiffs waived workers' compensation exclusivity by failing to plead it and admitting that they had no coverage in discovery responses, its determination that plaintiffs did not have applicable insurance was separate from and independent of those findings. Simply put, even assuming that Zeme was negligent in her representation,[2] her alleged failure to preserve worker's compensation exclusivity as an affirmative defense could not have deprived plaintiffs of workers' compensation coverage *they had failed to secure*.

Plaintiffs seem also to suggest that the unsuccessful resolution of their appeal in Lopez's personal injury action (*Lopez v. Delgadillo* (March 19, 2014, A137463,

---

[1] It provides: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply."

[2] To be clear, we are not deciding that question.

5

A138246) nonpub. opn.]) supports their claims against Zeme. As far as we understand the argument, it is premised on the trial court's observation in sustaining Zeme's demurrer that "[t]o the extent that Plaintiffs are asserting that 'the trial court's rulings though in error caused plaintiffs substantial damages in defending the *Lopez* action,' Plaintiffs have a remedy via their pending appeal." But the appellate court *rejected* plaintiffs' assertions of trial court error. Their loss on appeal in no way bolsters plaintiffs' vaguely spun position that they can somehow show Zeme's alleged malpractice deprived them of workers' compensation exclusivity.

Plaintiffs also rely on an order denying a summary judgment motion by their insurance carrier in *Lopez v. Delgadillo* to argue the policy they maintained for their business can be construed as providing workers' compensation coverage for Lopez's injuries. Not so. The trial court denied summary judgment because the policy's applicability to Lopez presented a question of fact. (*Lopez v. Delgadillo, supra,* at \*2.) But, as the appellate opinion explains, the ruling was merely an interim order, and the question of workers' compensation coverage was ultimately resolved against plaintiffs after they failed to address it on appeal. (*Id*. at \*2.)

Finally, plaintiffs suggest that, even if Zeme did not cause them to lose the right to a workers' compensation remedy, the attorneys' fees they paid her constitute a separate compensable harm. This is, in essence, a quasi-contract claim for overpayment for services, not a basis for malpractice damages, and does not permit plaintiffs "to circumvent the need for actual malpractice damages just because the attorney was paid." (*Jalali v. Root* (2003) 109 Cal.App.4th 1768, 1782–1783.) Their reliance on *Brandt v. Superior Court* (1985) 37 Cal.3d 813, 819 for this point is misplaced. *Brandt* holds that attorneys' fees reasonably incurred to compel an insurer to pay tortiously withheld policy benefits can be recovered as tort damages in a suit against the insurer. (*Id*. at p. 816.) It has no application to a claim for alleged attorney misconduct, and most certainly does not support the position that fees paid for an attorney's allegedly deficient services are recoverable as damages in a malpractice suit against that attorney.

6

**DISPOSITION**

The judgment is affirmed.

_____

Siggins, J.

We concur:


_____

Pollak, Acting P.J.


_____

Jenkins, J.

_Delgadillo v. Zeme_, A140989